IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DEXTER HINES, NICK NOLES,**            **PLAINTIFFS**
**JEREMY MARTIN, JOSEPH SMITH**
**and REGINALD VANZANDT,**
**Each Individually and on behalf of**
**All Others Similarly Situated**

vs.            No. 5:19-cv-155

**IRONCLAD ENERGY, LLC,**            **DEFENDANTS**
**JAMES C. DONNAN, and**
**STEVEN CLOY GANTT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Dexter Hines, Nick Noles, Jeremy Martin, Joseph Smith, and Reginald Vanzandt, each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Ironclad Energy, LLC, James C. Donnan, and Steven Cloy Gantt ("Defendants"), and in support thereof does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs Dexter Hines, Nick Noles, Jeremy Martin, Joseph Smith, and Reginald Vanzandt ("Plaintiffs") on behalf of themselves and other hourly-paid oilfield employees of Defendants at any time within a three-year period preceding filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and other hourly oilfield employees overtime compensation for all hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiffs were employed by Defendants within the three (3) years preceding the filing of this Original Complaint

8. Plaintiff Dexter Hines ("Plaintiff Hines") is a resident and citizen of Marion County.

9. Plaintiff Hines was employed by Defendants as a Pumpdown Supervisor from on or about April of 2018 until on or about January of 2019.

10. Plaintiff Nick Noles ("Plaintiff Noles") is a resident and citizen of Pope County, Arkansas.

11. Plaintiff Noles was employed by Defendants as a Pumpdown Supervisor from on or about March of 2018 until on or about February of 2019.

12. Plaintiff Jeremy Martin ("Plaintiff Martin") is a resident and citizen of Smith County.

13. Plaintiff Martin is employed by Defendants as an Operator, starting on or about July of 2018 until present.

14. Plaintiff Joseph Smith ("Plaintiff Smith") is a resident and citizen of Pope County, Arkansas.

15. Plaintiff Smith is employed by Defendants as an Operator, starting on or about September of 2018 until present.

16. Plaintiff Reginald Vanzandt ("Plaintiff Vanzandt") is a resident and citizen of Rusk County.

17. Plaintiff Vanzandt was employed by Defendants as a Pumpdown Supervisor from on or about May of 2018 until on or about February of 2019.

18. Plaintiffs worked for Defendants at jobsites in multiple locations in southern and western Texas and New Mexico.

19. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

20. Defendant Ironclad Energy, LLC ("Defendant Ironclad"), is a domestic limited liability company, licensed to do business in the State of Texas.

21. Defendant Ironclad's principal office is located at 1010 Southview Circle, Center, Texas 75935.

22. Defendant Ironclad's registered agent for service of process is Capitol Corporate Services, Inc., 206 East 9th Street, Suite 1300, Austin, Texas 78701-4411.

23. Defendant James C. Donnan ("Defendant Donnan") is an officer and manager of Defendant Ironclad and at all times relevant hereto, had operational control over Defendant Ironclad.

24. At all times relevant hereto, Defendant Donnan had the power to hire and fire employees of Defendant Ironclad and supervised and set wages and wage policies for Defendant Ironclad employees.

25. Upon information and belief, Defendant Donnan is an individual and a resident of Shelby County.

26. Defendant Steven Cloy Gantt ("Defendant Gant") is an officer of Defendant Ironclad and at all times relevant hereto, had operational control over Defendant Ironclad.

27. At all times relevant hereto, Defendant Gant had the power to hire and fire employees of Defendant Ironclad and supervised and set wages and wage policies for Defendant Ironclad employees.

28. Upon information and belief, Defendant Gantt is an individual and a resident of Claiborne Parish, Louisiana.

29. Defendants conduct business in the Permian Basin, Eagle Ford Shale, Haynesville Shale, Utica Shale and Marcellus Shale.

30. Defendants are an "employer" within the meaning set forth in the FLSA, and, at all times relevant to the allegations in this Complaint, the employer of Plaintiffs and other similarly situated hourly employees.

31. Defendants Donnan and Gantt operate as employers alongside Defendant Ironclad, and each had the power to hire and fire Plaintiffs, supervised Plaintiffs' work, and determine Plaintiffs' work schedules, duties and tasks, and made decisions regarding Plaintiffs' pay, or lack thereof.

32. Defendants acted jointly as the employers of Plaintiffs and the proposed collective and are and have been engaged in interstate commerce as that term is defined under the FLSA.

33. Defendants have operated as a single joint enterprise with unified operational control and management, as well as control over employees, including power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified control and management.

34. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

35. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools and equipment.

36. Defendants had an annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

37. Defendants' workers routinely use trucks, gasoline, hard hats, wrenches, and other tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## IV. FACTUAL ALLEGATIONS

38. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

39. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendants as hourly-paid oil field workers.

40. As oilfield workers, Plaintiffs' primary duties included manual labor at oil well sites to assist in operating oil wells.

41. Plaintiffs were classified as hourly employees for the entire duration of their employment with Defendants and were paid an hourly rate.

42. During their shifts, Plaintiffs often worked in excess of forty (40) hours per week throughout their tenure with Defendants. Other hourly employees worked similar hours.

43. Plaintiffs and other hourly employees received an hourly rate for all hours worked for Defendants, up to forty (40) hours per week.

44. Plaintiffs and other hourly employees did not receive an overtime premium of one and one-half (1.5) times their regular rate of pay for their hours worked during weeks in which they worked more than forty (40) hours for Defendants.

45. During the course of their employment with Defendants, Plaintiffs sometimes stayed in hotels selected and paid for by Defendants.

46. Plaintiffs were required to drive or ride to the jobsite in Defendants' company vehicles from the hotel.

47. Plaintiffs reported to Defendants their work time and drive time to Defendants.

48. Defendants failed to pay Plaintiffs for all of the drive time and work time reported on the timesheets.

49. When Plaintiffs worked holidays, Defendants would pay Plaintiffs for twenty-four (24) hours of work at the regular hourly rate, even if the holiday hours should have been compensated at the overtime rate.

50. Plaintiffs and the other hourly oilfield workers were and are entitled to 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in a week.

51. Defendants failed to pay Plaintiffs and other hourly employees overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all of their hours worked in excess of forty (40) hours per week even though Defendants were aware of how many hours Plaintiffs and other oilfield employees worked.

52. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and the other hourly oilfield workers violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

53. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly oilfield workers who were or are employed by Defendants and who are entitled to payment for all overtime wages earned which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

55. Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 20 persons, but is less than 150 persons. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

56. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

57. The cell phone numbers and email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via text message and/or email to their last known cell phone number and/or email address as soon as possible.

58. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on text messaging and email

just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon text messages and email as opposed to traditional U.S. Mail.

59. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner; and

D. They were subject to Defendants' common policy of failing to pay an overtime rate for all hours worked over forty (40) per work week.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violations of FLSA)

60. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

61. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

62. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

63. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-

judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

65. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

66. Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully incorporated herein.

67. Plaintiffs assert this claim on behalf of all hourly-paid workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative class for unpaid overtime compensation for all the hours they worked in excess of forty (40) per week.

68. Plaintiffs bring this collective action on behalf of all hourly-paid workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative Class for all the overtime compensation for all the hours they and they worked in excess of forty (40) each week and did not get paid.

69. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

70. Like Plaintiffs, these hourly-paid employees regularly worked more than 40 hours in a week.

71. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

72. Defendants failed to pay Plaintiffs and those similarly situated overtime for each and every hour over 40 hours these hourly-paid employees worked in a week, but chose to deliberately pay them for only some of those hours.

73. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class is properly defined as follows:

**All hourly-paid employees within the past three years.**

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully prays that Defendants be summoned to appear and to answer herein as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

G. An order directing Defendants to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem necessary, just and proper.

      Respectfully submitted,

**DEXTER HINES, NICK NOLES, JEREMY MARTIN, JOSEPH SMITH, and REGINALD VANZANDT, Individually and on behalf of Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com