IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEXTER HINES, NICK NOLES, JEREMY MARTIN, JOSEPH SMITH and REGINALD VANZANDT, Each Individually and on behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>IRONCLAD ENERGY, LLC, JAMES C. DONNAN, and STEVEN CLOY GANTT<br><br>Defendants. | No. 5:19-CV-155-OLG |

JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND STIPULATION OF DISMISSAL

Plaintiffs Dexter Hines, Nick Noles, Jeremy Martin, Joseph Smith, and Reginald Vanzandt, individually and on behalf of all others similarly situated (collectively Plaintiffs) and Defendants Ironclad Energy, LLC, James C. Donnan, and Steven Cloy Gantt (collectively Defendants) file this Joint Motion for Approval of Settlement and Stipulation of Dismissal. The Parties seek approval of a settlement under Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Settlement Agreement and Release ("Settlement Agreement") is attached as Exhibit A. This matter does not relate to settlement of a "class action" under Rule 23 The settlement affects only the individuals who are a party to this litigation and the attached agreement, either as named parties or Opt-in Plaintiffs who filed a Consent to Join Collective Action, agreeing to be bound by any settlement of this case. The settlement does not affect the rights of any non-parties. Furthermore, all outstanding issues in controversy in this case have been resolved and the case should be dismissed. A proposed order dismissing the case is attached as Exhibit B.

LEGAL STANDARD

When reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982). The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Foods*, 679 F.2d at 1354. While the Parties have different views of the merits of this case, the Parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.

FACTUAL BACKGROUND

On February 19, 2019, Plaintiffs filed a collective action complaint on behalf of hourly paid "Pumpdown Supervisors" and "Operators" that worked for Ironclad Energy, seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. *Doc. No. 1*. On August 23, 2019, this Court granted in part and denied in part Plaintiffs' Motion for Conditional Certification of Collective Action (*Doc. No. 15*) and granted in part and denied in part Plaintiffs' Motion for Approval and Distribution of Notice and for Disclosure of Contact Information (*Doc. No. 16*). *Doc. No. 23*. On August 28, 2019, the Court entered a Scheduling Order setting forth deadlines for this litigation. *Doc. No. 24*. Notice was issued to the collective

and the 60-day opt-in period closed on November 8, 2019. Forty-five plaintiffs opted in to this lawsuit ("Opt-in Plaintiffs") for a total of 50 plaintiffs, including the named plaintiffs.

The Parties mediated this case on February 6, 2020, but were unable to reach an agreement. The Parties continued arms' length negotiations following mediation and were able to reach a preliminary agreement on February 21, 2020 to settle this case. The Parties have diligently continued to negotiate the details of settlement since that time. The Parties have finalized those details and now submit them to the Court for approval and request that the Court dismiss this case with prejudice. *See Ex. A*.

## SETTLEMENT IS FAIR AND REASONABLE

A. The Facts and Law Are in Dispute

The Parties' settlement is fair and reasonable because significant uncertainty exists in this case with respect to the facts and the legal standards at issue. Plaintiffs claim they and Opt-in Plaintiffs should have received additional compensation and overtime for travel time between lodging sites and work sites at the beginning and end of the workday while working for Ironclad at various oil exploration sites in Texas and surrounding states. Plaintiffs also allege overtime was paid improperly for time worked on holidays. Defendants claim that travel time was non-compensable as a matter of law, and even so, that Plaintiffs and Opt-in Plaintiffs were paid two hours of travel time each day, which properly compensated them for travel time even if it was owed. Defendants also claim that Plaintiffs and Opt-in Plaintiffs were properly paid for time worked on holidays.

B. Calculation of the Settlement Amount

Due to the conflicting factual allegations and differing views on the applicable law, the Parties have agreed that the amounts reflected in the Settlement Agreement are in the best interest

of the Parties. In particular, the Settlement Agreement allows Plaintiffs and Opt-in Plaintiffs in the Agreement to recover their alleged unpaid overtime wages, which would be limited, if any, because Ironclad already paid two hours of travel time each day. The settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals. In exchange for these payments, Plaintiffs and Opt-in Plaintiffs release Defendants from any and all claims they may have against Defendants which were asserted in the action or related to the action, including claims for overtime, liquidated damages, costs, interest, and attorneys' fees.

      C.      Attorney's Fees are Reasonable

Additionally, the amount designated in the settlement agreement for attorneys' fees is reasonable and fair. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee v. Big River Steel, LLC*, 927 F.3d 1027, 1027 (8th Cir. 2019). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. See *Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Attorneys representing Plaintiffs incurred substantial case costs and fees litigating this case, including investigating the claims, securing a collective action class, sending collective action notice, analyzing records, coordinating discussions with the 50 plaintiffs, preparing for and attending mediation, negotiating a settlement, and performing other work. Plaintiffs' counsel have achieved a settlement that compensates Plaintiffs and Opt-in Plaintiffs for overtime wages and liquidated damages. Under Defendant's theory, Plaintiffs would not be entitled to damages. Plaintiffs' counsel's work

...

provided a significant benefit to Plaintiffs. The agreed upon costs and fees are reasonable.

      D.      The Court Should Dismiss The Case

If the Court approves the Settlement Agreement, it should also dismiss the case. The Parties agree that the Settlement Agreement resolves all claims and damages asserted by Plaintiffs on behalf of themselves and Opt-in Plaintiffs in the lawsuit. Consequently, the Parties respectfully request that the Court enter an order dismissing this case with prejudice.

## CONCLUSION

The terms of the settlement have been approved by Plaintiffs, their counsel, Defendants, and Defendants' counsel.  The settlement was negotiated at arms' length, with both sides ably represented by counsel.  The Parties entered into the Settlement Agreement voluntarily and knowingly.  The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.  The Parties agree that the Settlement Agreement resolves all potential liability and damages to the Plaintiffs. For the foregoing reasons, the Parties respectfully request that the court enter an order approving their settlement agreement and dismissing the case.  A proposed order is attached for the Court's consideration.

| | |
|---|---|
| Dated June 29, 2020 | Respectfully submitted, |

| | |
|---|---|
| */s/ Josh Sanford* | */s/ Kerry E Notestine* |
| Josh Sanford (Attorney-in-Charge) | Kerry E Notestine (Attorney-in-Charge) |
| State Bar No. 24077858 | State Bar No. 15116950 |
| SANFORD LAW FIRM, PLLC | LITTLER MENDELSON, P.C. |
| 650 S. Shackleford Road, Suite 411 | 1301 McKinney Street, Suite 1900 |
| Little Rock, Arkansas 72211 | Houston, TX  77010 |
| 501.221.0088 (telephone) | 713.951.9400 (telephone) |
| 888.787.2040 (fax) | 713.951.9212 (fax) |
| josh@sanfordlawfirm.com | knotestine@littler.com |
| | |
| Meredith Q. McEntire | ATTORNEY FOR DEFENDANTS |
| State Bar No. 24105123 | |
| SANFORD LAW FIRM, PLLC | |
| 18756 Stone Oak Parkway, Suite 200 | |
| San Antonio, Texas 78258 | |
| 830.542.9838 (telephone) | |
| 888.787.2040 (fax) | |
| merideth@sanfordlawfirm.com | |

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that, on June 29, 2020, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following:

Kerry E Notestine
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (telephone)
713.951.9212 (fax)
knotestine@littler.com

*/s/ Josh Sanford*
Josh Sanford